NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: October 15, 2025

S25A1357. GREEN v. THE STATE.

WARREN, Presiding Justice.

Appellant Eric Green was convicted of malice murder and other crimes in connection with the shooting death of Njeri Strickland.[1] Green's sole contention in this appeal is that his trial counsel provided constitutionally ineffective assistance by failing to object to certain testimony at trial. As explained more below, this claim is

---

[1] The crimes occurred on November 3, 2021. In February 2022, a DeKalb County grand jury indicted Green for malice murder, two counts of felony murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. At a trial from May 8 to 15, 2023, the jury found him guilty of all counts. The trial court sentenced him to serve life in prison for malice murder, 5 consecutive years for possession of a firearm during the commission of a felony, and 10 consecutive years for possession of a firearm by a convicted felon. The remaining counts were vacated or merged. Green filed a timely motion for new trial, which he amended through new counsel in January 2025. After a hearing, the trial court denied the motion in March 2025. Green filed a timely notice of appeal directed to the Court of Appeals, which transferred the case to this Court. It was docketed to our August 2025 term and submitted for a decision on the briefs.

not preserved for our review, so we affirm.

"Ineffectiveness claims must be raised and pursued at the earliest practicable moment, which for a claim of ineffective assistance of trial counsel is at the motion for new trial stage if the defendant is no longer represented by the attorney who represented him at trial." *Allen v. State*, 317 Ga. 1, 12 (2023) (quotation marks omitted). Green did not raise a claim of ineffective assistance of trial counsel at the earliest practicable moment: that is, after he obtained new appellate counsel, who filed Green's amended motion for new trial. Nor did Green raise an ineffectiveness claim at the hearing on the motion, and the trial court's order denying the motion did not rule on such a claim. Consequently, Green forfeited his ineffectiveness claim. See id. at 12–13 (holding that the appellant forfeited his claim of ineffective assistance because he failed to raise the claim in his initial motion for new trial, in the amendments made thereto by appellate counsel, or during the hearing on the motion and the trial court did not rule on any such claim). See also, e.g., *Watkins v. State*, 320 Ga. 862, 881 (2025) (concluding that the

appellant forfeited his ineffectiveness claim because he failed to raise it in his amended motions for new trial, even though he was no longer represented by trial counsel, and the trial court did not rule on such a claim).

*Judgment affirmed. All the Justices concur.*